**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARSIAL GARCIA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-21-202-D** |
| ) | |
| **OKLAHOMA DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| ) | |
| **Respondent.** ) | |

<u>**REPORT AND RECOMMENDATION**</u>

Marsial Garcia, a federal prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus, citing 28 U.S.C. § 2254. (ECF No. 1).[1] Chief United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Court has promptly examined the habeas petition and recommends the **TRANSFER** of this action, for lack of jurisdiction, to the United States District Court for the Eastern District of Texas.

**I.      DISCUSSION**

Mr. Garcia is currently serving a federal sentence in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Complex, Beaumont, Texas. In his Petition, Mr. Garcia alleges that the BOP is miscalculating his sentence, as a result of a level reduction related to a writ transferring him from the custody of the State of Oklahoma to the United States Marshal Service, for the Western District of Oklahoma in June of 2013. *See* ECF No. 1.

---

[1] Petitioner has paid the $5.00 filing fee. *See* ECF No. 4.

## II.   TRANSFER OF THE PETITION

As stated, Petitioner is a federal inmate currently incarcerated in the U.S. Penitentiary, Federal Correctional Complex, Beaumont, Texas. (FCC Beaumont). *See supra*. FCC Beaumont is located within the territorial jurisdiction of the United States District Court for the Eastern District of Texas. 28 U.S.C. § 116(b). Jurisdiction over this action exists solely in that court. *See Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."); *Griggs v. United States*, 79 F. App'x 359, 363 (10th Cir. 2003) ("[B]ecause plaintiff is currently confined at the FMC in Fort Worth, Texas, we [ ] conclude that plaintiff was required to file his [§ 2241] petition in the United States District Court for the Northern District of Texas, and that the Oklahoma district court therefore did not have jurisdiction to decide plaintiff's petition[.]") (internal citation omitted).

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh,* 210 F.3d at 1150 (internal citation omitted). To determine whether a transfer would be in the interest of justice, the Court may take "a peek at the merits" to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed. *Id.* In the instant case, Mr. Garcia alleges: (1) an improper level adjustment by the Oklahoma Department of Corrections and (2) miscalculation of time served. (ECF No. 1:1-4). At this juncture, the Court does not have enough

information to determine the potential merit of Mr. Garcia's allegations. That determination must be made by the Eastern District of Texas in the first instance, following the Court's transfer of the petition.

## III.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Court **TRANSFER** the Petition **(ECF No. 1)** for lack of jurisdiction to the United States District Court for the Eastern District of Texas.

The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 8, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV.   STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on March 22, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE